IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID ZORN,

    Plaintiff,

v.

ZIMMER, INC. and ELMHURST MEMORIAL
HEALTHCARE, a corporation, d/b/a
ELMHURST MEMORIAL HOSPITAL,

    Defendants.

No. 06 C 6323

## MEMORANDUM OPINION AND ORDER

Plaintiff David Zorn filed a three count complaint against defendant Zimmer, Inc. ("Zimmer") and Elmhurst Memorial Healthcare, d/b/a Elmhurst Memorial Hospital ("the Hospital"). The Hospital now moves to dismiss Count III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

I.

In assessing defendant's 12(b)(6) motion to dismiss, I must accept all well-pleaded facts in the complaint as true. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). I must view the allegations in the light most favorable to the plaintiffs. *Id.* Federal notice pleading requires the complaint provide only a short and plain statement of the claim that will provide the defendant

with fair notice. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005).

Count III of the complaint alleges a spoliation of evidence claim against the Hospital. Plaintiff alleges he underwent an initial spinal fusion surgery at the Hospital, in which "implantable surgical appliances . . . [manufactured by Zimmer] were installed in plaintiff's lumbar spine." (Count III, ¶ 2.) Plaintiff further alleges that as a result of the defective Zimmer implants, he had to undergo a second surgery at the Hospital to remove the implants. (Count III, ¶¶ 3-4.) According to plaintiff, his "worker's compensation insurance carrier informed [the] Hospital, prior to or at the time of scheduling the February 2005 hardware removal/refusion surgery, that the hardware from the October 12, 2004 surgery was to be retained and preserved as potential evidence in a product liability claim against Zimmer." (Count III, ¶ 6.) The complaint alleges that the Hospital breached its duty to preserve this evidence when it "caused or permitted the removed Zimmer components to be lost or destroyed." (Count III, ¶ 10.) The complaint also alleges damages as a result of this breach.

II.

The Hospital first argues Count III should be dismissed because the complaint fails to allege that the Hospital had a duty to preserve the implants. Under Illinois law, "a duty to preserve

2

evidence may arise through an agreement, a contract, a statute or another special circumstance." *Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 195, 652 N.E.2d 267, 270-71 (1995). If such circumstances are present, "a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Id.*, 652 N.E.2d at 271; *see also Welch v. Wal-Mart Stores, Inc.*, No. 04 C 50023, 2004 WL 1510021, at *3 (N. D. Ill. July 1, 2004).

The complaint sufficiently alleges the existence of the Hospital's duty to preserve the implants. First, the nature of the relationship between the Hospital and plaintiff, as a patient, qualifies as "special." *See generally Miller v. Gupta*, 174 Ill. 2d, 120, 129, 672 N.E.2d 1229, 1233-34 (1996) (allowing plaintiff to amend spoliation claim when plaintiff's doctor failed to preserve X-rays requested by plaintiff's attorney). Plaintiff was not in a position to remove the implants himself and had to rely on the Hospital in managing his surgery and the handling of the removed implants. The complaint in this case also specifies that the Hospital was informed that the implants were to be preserved for litigation. This put the Hospital on notice of plaintiff's intentions concerning litigation over the removed implants, thereby satisfying the forseeability pleading requirement.

The Hospital also argues that the complaint fails to plead

3

causation. The Illinois Supreme Court has stated that "[t]o plead causation, a plaintiff must allege that an injury proximately resulted from a breach of a duty." *Id.* Plaintiff has done so here. As in *Boyd*, plaintiff alleges he was "deprived of the key piece of evidence in [his] products liability lawsuit against [co-defendant]-the product itself." *Id.* at 197, 652 N.E.2d at 271. The complaint specifically states "as a direct and proximate result [of the breach], plaintiff has been and is impaired in his ability to prosecute a product liability claim against co-defendant Zimmer." (Count III, ¶ 11.) This clearly satisfies federal notice pleading. Accordingly, the Hospital's motion is denied.

### III.

For the foregoing reasons, defendant's motion to dismiss Count III of the complaint is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 26, 2007

4